**Enrique Vela GARCIA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73987.
Agency No. A70–942–347.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 16, 2004.

Evelyn G. Zneimer, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret Perry, Esq., Mary Jane Candaux, Esq., Anh–Thu P. Mai, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Enrique Vela Garcia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") streamlined decision affirming the immigration judge's ("IJ") denial of his application for suspension of deportation. We dismiss the petition for review.

■ We lack jurisdiction to review the IJ's discretionary determination that Garcia failed to show the requisite hardship necessary to qualify for suspension of deportation, *see Kalaw v. INS,* 133 F.3d 1147, 1152 (9th Cir.1997), as well the BIA's decision to streamline Garcia's appeal from the hardship determination, *see Falcon Carriche v. Ashcroft,* 350 F.3d 845, 852–55 (9th Cir.2003).

■ Garcia's contends that the IJ violated his due process rights by refusing to allow his daughter to testify and by refusing to grant a continuance to allow Garcia to provide a complete translation of the Mexican classified ads he submitted. We reject these contentions because the record indicates that the decision not to present Garcia's daughter's testimony was made by his counsel, and Garcia had ample time to obtain translated documents. We therefore lack jurisdiction to consider Garcia's due process challenge because it is not colorable. *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001) ("To be colorable ... the claim 'must have some possible validity' ") (internal citations omitted); *Ortiz v. INS,* 179 F.3d 1148, 1153–54 (9th Cir.1999) ("Due process challenges to

deportation proceedings require a showing of prejudice to succeed.").

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004), Garcia's voluntary departure period will begin to run upon issuance of this court's mandate.

### PETITION FOR REVIEW DISMISSED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

